Budd v. Reidelbach.

---

No. 14,899.

## BUDD v. REIDELBACH.

DRAINAGE.—*Establishment of Ditch.*—*Verdict.*—*Sufficiency of.*—In a proceeding to establish a public ditch, a verdict reading: "We, the jury, find for the petitioner that the proposed ditch will be of public benefit and utility; that the assessments for its construction are in proportion to its benefits; and that the route thereof is practicable," fills the requirements of

section 4294, R. S. 1881, and is sufficient where no objection is made by remonstrance or otherwise in the commissioners' court.

SAME.—*Appeal from Commissioners.*—*Questions Triable in Circuit Court.*—On appeal to the circuit court from the order of the commissioners establishing a ditch, only such objections can be relied on as were appropriately presented to the board of commissioners.

From the Pulaski Circuit Court.

*J. C. Nye* and *R. A. Nye,* for appellant.

*W. Spangler* and *H. A. Steis,* for appellee.

ELLIOTT, J.—The appellee petitioned for the construction of a public ditch ; viewers were appointed ; they first reported adversely to the petitioner, but subsequently met under the order of the court and reported in his favor. The appellant's land was assessed. He did not, so far as the record discloses, file any motion or remonstrance in the commissioners' court nor in the circuit court. He appealed from the order of the commissioners, and insists upon a reversal of the judgment of the circuit court, upon the ground that it erred in overruling his motions for a *venire de novo* and for a new trial.

The verdict reads thus : " We, the jury, find for the petitioner, Reidelbach, that the proposed ditch will be of public benefit and utility ; that the assessments for its construction are in proportion to its benefits ; and that the route thereof is practicable." This verdict finds all that the statute under which the proceedings were had requires the board of commissioners to find. Section 4294, R. S. 1881. This we deem sufficient in view of the fact that no remonstrance was filed by the appellant. We do not mean to be understood as holding that it was necessary for the verdict to be as full as it is, for the appellant presented no issue for trial. We can not, indeed, perceive upon what ground he had a right to go to the jury. He acquiesced in the finding of the viewers because he made no objection. It has been again and again decided in this class of cases that only such objections can be relied on in the circuit court as were appropriately pre-

sented to the board of commissioners. *Updegraff* v. *Palmer*, 107 Ind. 181; *Lipes* v. *Hand*, 104 Ind. 503; *Smith* v. *Smith*, 97 Ind. 273; *Roninger* v. *Simmons*, 88 Ind. 453; *Lowe* v. *Ryan*, 94 Ind. 450; *Reynolds* v. *Schults*, 106 Ind. 291; *Green* v. *Elliott*, 86 Ind. 53.

In the case of *Metty* v. *Marsh*, 124 Ind. 18, it was said: " It has so often been adjudged by this court, in cases analogous to this, that no matter not put in issue before the board of commissioners can be tried on appeal to the circuit court, that but little can be said in elaboration of the principle."

The error of the trial court was in permitting a trial, since there was no issue to try, but of this the appellant can not complain.

What we have said effectually disposes of the specification of error based on the ruling denying a new trial.

Judgment affirmed.

Filed April 25, 1891.