No. 17,337.

## Steele *v.* Empsom.

Costs.—*Proportional.—Drainage Proceeding.—Appeal.*—An appellant in a proceeding under the statutes of this State, for the establishment of a drain, who succeeds on appeal as to the one issue only, is not entitled to recover all her costs, but only a proportional part thereof.

Drainage.—*Statute Amended Pending Action.—Abatement.*—A proceeding for the establishment of a drain, instituted under sections 4285–4317, R. S. 1881, did not abate upon the amendment of such sections, pending the proceedings, by the passage of the act of 1893, p. 329, but thereafter the proceedings were governed by the provisions of the amendatory act.

Same.—*Drain Across Railroad Right of Way.—Who May Object.*— A property-owner cannot complain of the location of a public drain established under the statutes of this State, across the right of way of a railroad; but such objection must be made, if at all, by the railroad company.

Same.—*Questions Not Considered on Appeal.*—Questions not properly presented to the board of commissioners in proceedings for the establishment of a drain cannot be raised upon appeal to the circuit court, unless they go to the jurisdiction over the subject-matter.

SAME.—*Assignment of Error.—Remonstrance.—Pointing Out Items on Which Evidence Will Be Admitted.—Practice.*—No question is presented by an assignment that the court erred in indicating certain items in a remonstrance in a proceeding for the establishment of a drain under the statutes, upon which the remonstrants would not be permitted to introduce evidence; but the question of the admissibility of evidence as to such items must be raised by an offer of evidence and an exception to the refusal to admit the same.

EMINENT DOMAIN.—*Appropriating Public Property to a Second Public Use.*—The rule that property appropriated to one public use cannot be appropriated to another public use, applies only when the second public use will naturally injure or destroy the first public use.

JUDGMENT.—*Drainage.—Finding.—Collateral Attack.*—A finding of the board of commissioners in a proceeding for the establishment of a drain, that the notice required by section 5663, R. S. 1894, was given, and the judgment of affirmance in the circuit court, are conclusive as against a collateral attack, where some notice was in fact given.

VERDICT.—*Informality.*—A verdict is not bad for informality if the court can understand it.

From the Jackson Circuit Court.

*Burrell & Branaman,* for appellant.

*Applewhite & Applewhite* and *W. K. Marshall,* for appellee.

MONKS, J.—On the 14th day of December, 1892, appellee filed his petition before the board of commissioners of Jackson county, praying for the establishment of a drain under the provisions of the act approved April 21st, 1881, Acts 1881, p. 410, sections 4285, 4317, R. S. 1881. Viewers were appointed by the board on the same day to report before the next term. At the March term, 1893, of the board, the viewers not having filed any report, the case was continued until the next term. Sections 2, 8 and 9, being sections 4286, 4292 and 4293, R. S. 1881, of the drainage act, under which this proceeding was brought, were amended by an act which took effect March 4, 1893. Acts 1893, p. 329,

sections 5656, 5662, 5663, R. S. 1894. By the amended sections it was provided that the benefits to public highways should be assessed to the township, and paid out of the road fund, while the original section provided that the benefits should be assessed to the county. The amendatory section provided that the notice given should be by publication, while the section amended provided that it should be by posting. On April 8th, 1893, the viewers filed their report, and at the June term of the board, appellant filed a motion to continue the cause for the reason that proper notice had not been given to the owners of the land assessed for benefits, which motion the board sustained, and continued the case "for publication of the notice as the law now requires." At the next term of the board in September, proof of publication of notice in a newspaper was made, and thereupon appellant filed her remonstrance, and reviewers were appointed, who reported at the December term, 1893, approving the action of the viewers in all things, and the board entered an order establishing the ditch. Appellant appealed to the circuit court, and there filed a plea in abatement in which it was alleged "that the court had no jurisdiction for the reason that this proceeding was commenced under the old law, and, since that, the statute has been amended by the Legislature of 1893, changing the liability of certain parties to the assessment, and there is no provision saving pending cases." A demurrer for want of facts was sustained to this plea.

Appellant then orally moved the court to strike out the report of the viewers for the reason stated by appellant, "that Morris B. Singer, after his appointment as such viewer by the board, and before the report was filed, became one of the sureties on the bond of the petitioner for the payment of the costs and expenses in said proceeding, and thereby became interested and not com-

petent to act as viewer," which motion the court overruled. Thereupon appellant filed his written motion to dismiss the cause. This motion was also overruled. The cause was tried by a jury, a verdict returned, and over a motion for a *venire de novo*, and a motion for a new trial, judgment was rendered establishing the proposed work. Appellant also moved the court to modify the judgment, which was overruled. Exceptions were properly reserved to all the rulings of the court.

The first error assigned is, "that the court erred in sustaining the demurrer to the answer in abatement." Appellant contends that when the act of 1893, Acts 1893, p. 329, sections 5656, 5662, 5663, R. S. 1894, took effect, the jurisdiction of the board of commissioners was ousted, for the reason that said act contained no provision saving pending cases, and that, therefore, the court erred in sustaining the demurrer to the plea in abatement.

The act of 1893, *supra*, did not oust the jurisdiction of the board of commissioners over said cause, but the same from the time said act took effect was governed by its provisions, and it was necessary that all steps taken, and proceedings had after that time should comply with the requirements of said act. The report of the viewers was filed April 8, after said act was in force, and should have conformed to all the requirements thereof. At the June term of the board of commissioners, on motion of appellant, the case was continued that notice might be given as required by said act. At the September term of the board, proof was made, and the board found that notice had been given as required by said act, and thereupon appellant filed her remonstrance. It is not shown that any provision of the amendatory act was not complied with. There was no error in sustaining said demurrer.

The second error assigned is, that the court erred in overruling appellant's motion to reject and strike out the report of the viewers. The reasons assigned for the motion have been heretofore stated. At the time the viewers were appointed, Singer was not on the bond named, and it is not claimed that he was not then a disinterested person. The report was filed April 8th, and on the same day the bond was filed. This court cannot say, from the record, which was filed first, or that the bond was not signed and filed after the report was signed and filed. No motion was made by appellant to reject or strike out the report before the board of commissioners for this cause. The objection, therefore, if tenable when properly raised, was waived. It is a well-settled rule that questions not properly presented to the board of commissioners, except such as go to the jurisdiction over the subject-matter, cannot be made for the first time in the circuit court. *Budd* v. *Reidelbach*, 128 Ind. 145, and cases cited on p. 147 ; *Metty* v. *Marsh*, 124 Ind. 18, and cases cited on p. 24.

The motion was properly overruled.

The third error assigned calls in question the action of the court in refusing to sustain appellant's motion to dismiss the cause. This motion sets out six reasons why said motion should be sustained. None of them are jurisdictional, but if true are mere irregularities, which would not affect the jurisdiction of the court over the subject-matter. *Updegraff* v. *Palmer*, 107 Ind. 181, and cases cited on p. 185.

Besides, no such motion was made before the board of commissioners, and the same could not therefore be made in the circuit court. *Budd* v. *Reidelbach*, and authorities cited, *supra*.

There was no error in overruling this motion.

The fourth error assigned is, "That the court erred in

indicating on appellant's remonstrance, at the suggestion of appellee, which items therein he would permit appellant to give evidence to the jury." It is set forth in the bill of exceptions, "that after the jury had been sworn, and before any evidence had been given, appellee moved the court to indicate what items of the remonstrance evidence would be submitted to the jury upon, and to the motion of appellee, appellant objected, and, over the objections of appellant, the court indicated and said he would not permit evidence to be introduced to the jury to support items numbered 2, 3, 4, 5, 10, 11, 12, 13 and 14, to which appellant excepted."

No question is presented by this assignment of error. The items of the remonstrance were not stricken out. They remained a part of the remonstrance after the statement of the court, the same as before. The statement of the court that evidence would not be admitted under the items named was not a ruling to which an available exception could be taken. It amounted to no more than an announcement in advance of what his ruling would be if such evidence were offered. None was offered. The question could only be presented by an offer to prove facts in support of said items; if such evidence had been excluded by the court when properly offered, an exception could then be taken to the ruling of the court and not before. We have carefully examined said items, however, and think it would have been proper to have excluded such evidence if it had been offered. Said items either presented questions already determined by the court, and not triable by jury, or were causes of remonstrance which were more fully stated in other items than those named. The error, therefore, if any was committed, was harmless. For the same reason it would not have been error if the court had stricken out said items on motion.

After the return of the verdict appellant filed a motion for a *venire de novo*, which was overruled by the court. The verdict of the jury is as follows:

"We, the jury, find that the ditch in controversy will be conducive of public health, convenience and welfare, and that the proposed route in the viewers' report will be practicable, and that the assessments set out in said report are in proportion to the benefits to be derived from said ditch, except that the assessment against Mrs. Steele's land is in excess of the benefits to be derived by her in the sum of $20.00, and we assess her damages in that sum, and in all respects except the assessment of that amount of damages in her favor, we find generally in favor of Azariah Empson, and in favor of the construction of the ditch as specified in the report of viewers on file in this cause.

"Leroy M. Mains, *Foreman.*"

An appeal lies from the orders of the board of commissioners, as provided by section 4301, R. S. 1881, section 5671, R. S. 1894, only in regard to the following questions:

"First.—Whether said ditch will be conducive to the public health, convenience or welfare.

"Second.—Whether the route thereof is practicable.

"Third.—Whether the assessments made for the construction of the ditch are in proportion to the benefits to be derived therefrom.

"Fourth.—The amount of damages allowed to any person, or persons, or corporation."

The verdict finds specially upon each of the four questions stated, the only ones submitted to the jury. *Denton* v. *Thompson*, 136 Ind. 446 (457, 459); *Perkins* v. *Hayward*, 124 Ind. 445.

While the verdict might have been more definite and certain in regard to the question of appellant's benefits

and damages, yet it is easily understood. The rule is that a verdict is not bad for informality, if the court can understand it. It is to have a reasonable intendment, and is to receive a reasonable construction, and must not be avoided, except from necessity. *Polson* v. *State,* 137 Ind. 59; *Daniels* v. *McGinnis, Admr.,* 97 Ind. 549; *Chambers* v. *Butcher,* 82 Ind. 508. There was no error in overruling the motion for a *venire de novo. Denton* v. *Thompson, supra,* on p. 459; *Budd* v. *Reidelbach, supra.*

After the court overruled the motion for a *venire de novo,* appellant filed a motion "for judgment on the verdict discharging her property from the lien of the assessment for benefits, as made by the viewers, and for damages in the sum of $20.00, and for her costs." This motion the court overruled.

It is clear, from the verdict, that the $130.00 benefits assessed by the viewers was to stand and be paid by appellant, and that she was allowed $20.00 damages. It follows that the appellant was not entitled to the judgment she asks the court, by her motion, to render.

Judgment was rendered on the verdict establishing "the proposed work, etc., and that appellant be allowed $20.00, and that appellant recover of appellee three-fourths of his costs, and that appellee recover of appellant one-fourth of her costs, and that the viewers shall meet and apportion the payment of the $20.00, as provided by section 4300, R. S. 1881; section 5670, R. S. 1894, and the amendments thereto."

Appellant moved to modify the judgment, so that she recover her cost, instead of one-fourth thereof. Appellant had only succeeded as to one issue, that of damages, while all the other issues were found against her. She was not, therefore, entitled to recover all her cost. *Rogers* v. *Venis,* 137 Ind. 221 (225); *Zigler* v. *Menges,*

121 Ind. 99, and cases cited on p. 108; *Watkins* v. *Pickering*, 92 Ind. 332 (335).

One of the causes specified for a new trial is that the verdict is not sustained by the evidence. Although there is some conflict in the evidence, there is evidence which supports the verdict on every issue in the case, and under the firmly settled rule this court cannot reverse a case on the weight of the evidence. *Lawrence* v. *Van Buskirk*, 140 Ind. 481.

It is earnestly insisted by appellant that there was no proof that the notice required by section 3 of acts of 1893, p. 337 (section 5663, R. S. 1894), was ever given, and that, therefore, the verdict was not sustained by the evidence. The question of notice was not to be determined by the jury, but by the court. The board of commissioners found that proper notice had been given. No party to this proceeding, either before the board or in the circuit court, whether they remonstrated or not, can question the jurisdiction of the board or the circuit court. Appellant cannot question the jurisdiction, because she waived the defects in the notice, if any, by filing her remonstrance. The other parties cannot question the jurisdiction, for the reason that, as there was some notice, the finding of the board of commissioners that notice was given, and the judgment of the circuit court in the case, are conclusive in a collateral attack. *Perkins* v. *Hayward*, 132 Ind. 95 (103), and cases cited on p. 104; *Muncey* v. *Joest*, 74 Ind. 409.

It is claimed by appellant that the ditch is partly located on the right of way of the O. & M. R. W. Co., and that such location is not authorized, for the reason, that property once taken and appropriated to one public use cannot again be appropriated to another public use. Citing, *City of Valparaiso* v. *Chicago, etc., R. W. Co.*, 123 Ind. 467.

The rule urged by appellant only applies when the second public use would naturally injure or destroy the uses for which such right of way was employed, and when the same could not exist without impairing the first uses. *Cincinnati, etc., R. W. Co.* v. *City of Anderson*, 139 Ind. 490, and cases cited on p. 492.

It is not claimed, nor does the evidence show, that the location of the drain upon the right of way would, in any way, interfere with the uses of the railroad company. On the contrary, it was found by the viewers, reviewers, jury, and adjudged by the lower court, that the same would be a benefit to said right of way. The railway company named was a party to the proceeding, and assessed with benefits, and raised no objection to such location or assessment. If it were conceded that such objection could be successfully made by the railroad company, it does not follow that appellant can do so. The rule is that appellant can only bring before the court such questions as affect her rights, not such as affect the rights of others. *Zigler* v. *Menges, supra,* on p. 108. The railroad company, having been a party to the proceedings, and having raised no objection to the same, cannot successfully assail such location of the ditch, even if erroneously made. *Perkins* v. *Hayward, supra.*

What we have said concerning the proof of notice and the location of the ditch on the right of way of the railroad company, disposes of the question presented by the court's refusal to give the instructions requested by appellant.

There is no available error in the record.

Judgment affirmed.

Filed October 30, 1895.