COOPER v. SHAW ET AL.

[No. 18,000.   Filed September 21, 1897.]

DRAINS.—*Change of Line by Agreement.—Objections.*—When the line
of a ditch, established by the board of commissioners under sections
5655–5688, Burns' R. S. 1894, is changed on the lands of any one or
more persons by agreement of the county surveyor, those owning
land on the line of said ditch above where the change was made
cannot successfully ask for equitable relief, unless the change in
some way interferes with the drainage of their lands.   *p. 315.*

SAME.—*Construction.—Order of Sale of Allotments.—Objection.*—
Under the provision of section 5673, Burns' R. S. 1894, of the drain-
age law, that any job not completed within the time fixed in the
final report of the viewers, shall be sold for construction by the
auditor, but that he shall not sell any allotment until the section
immediately below shall have been completed, only those whose
allotments were sold before the section below was completed have
any right to object to such sale.   *p. 316.*

From the Shelby Circuit Court.   *Affirmed.*

*T. B. Adams, Isaac Carter, B. F. Love* and *H. C.
Morrison*, for appellant.

*K. M. Hord* and *E. K. Adams*, for appellees.

MONKS, J.—It appears from the amended complaint
that the board of commissioners of Shelby county es-
tablished a tile ditch, under sections 5655-5688, Burns'
R. S. 1894.   Afterwards the county auditor under the
provision of section 5673, Burns' R. S. 1894, sold for
construction to Jesse Shaw, James Chester, and oth-
ers that portion from station 104.54 to 113.58, and
from 113.58 to 134.50, and entered into a proper con-
tract therefor with said parties.   That with the con-
sent and agreement of appellee, Thomas S. Finley,
who was then county surveyor, and appellee, Pruitt,
who was his deputy, said appellee, Shaw, located and

constructed said ditch from station 118 to station 134.50 on a line different from that established by the board of commissioners, at some points as far as fifteen rods from the established line. The distance from station 118 to station 134.50, on the line as established, was 1650 feet, no part of which was constructed by said Shaw; but he departed from the established line of said ditch at station 118, and did not return to said line until fifty feet south of said station 134.50, Under the agreement between the surveyor and said Shaw said ditch constructed between said points was to be treated the same as if it had been constructed upon the established line, according to the specifications of the report upon which the ditch was established; and when the same was completed on said new line, the said appellee, Finley, as surveyor, gave a certificate that said ditch had been completed between said points according to the specifications as provided in section 5675, Burns' R. S. 1894. Said William Pruitt was afterwards elected and qualified as surveyor of said county, and has entered upon the discharge of the duties of his office. After said certificate was issued said Shaw commenced work on the allotment sold to him for construction, above those for which said certificates were issued.

Appellant is the owner of real estate in section 17 on the line of said ditch, above the allotments bid off for construction by Shaw and others, and the share of said ditch allotted to his land is from station 38.50 to 45.15, which is above said allotments sold to said Shaw and others. None of the allotments sold to Shaw and others are charged to appellant's real estate.

Appellant brought this suit to cancel and set aside said certificate issued to Shaw and others, on the ground that said ditch was not constructed upon the

established line, and to enjoin said Shaw from working on any allotment above station 118 until the ditch from said station 118 to 134.50 is completed on the established line.

Appellee's demurrer to the amended complaint was sustained, and appellant refusing to plead further, judgment was rendered against him on demurrer.

The only error assigned is that the court erred in sustaining the demurrer to the amended complaint.

The change in the line of said ditch, between stations 118 and 134.50, was not made upon appellant's land; nor is it alleged that the same, as constructed, will not furnish as good an outlet in every way for the drainage of his land and the water that will flow in said ditch through his land from the lands above as a ditch constructed acording to the specifications upon the established line would have given. So far as appears from the amended complaint, the ditch when completed will drain appellant's land and the land above said change in the route, as well as if it had been constructed throughout upon the established line. When the line of a ditch, established by the board of commissioners under sections 5655-5688, Burns' R. S. 1894, is changed on the lands of any one or more persons by agreement of the county surveyor, those owning land on the line of said ditch above where the change was made cannot successfully ask for equitable relief, unless the change in some way interferes with the drainage of their lands. They are entitled to as good drainage in every respect as the ditch completed according to the specifications on the established line would give, and if they get that they can have no standing in a court of equity.

It appears from the proceedings before the board of commissioners, which are copied into the amended complaint, that the part of the ditch sold to appellee,

Shaw and others, for construction, being from station 104.54 to 134.50, included allotments to several tracts of land owned by several different persons.

Appellant insists that the auditor had no authority to sell any allotment until the section immediately below it had been completed, and that any attempt to sell any allotment before the section had been completed is without authority of law, and is void.

Section 5673, Burns' R. S. 1894, provides that any job not completed within the time fixed in the final report of the viewers or reviewers shall be sold for construction by the auditor, but that he shall not sell any allotment until the section immediately below shall have been completed. If the auditor violated the provisions of said section in selling for construction to Shaw and others allotments, when the section immediately below each allotment sold was not completed, only those whose allotments were so sold have any right to object thereto. If the ditch is properly completed up to appellant's land, and the allotment charged thereto so as to give his land the drainage it is entitled to, it is of no interest to him whether they commenced at his land and constructed the ditch down to the mouth, or commenced at the lower end and constructed it up to his land.

It is a well settled rule in all cases under the drainage law that no person can bring any question before the court unless it affects his rights. If only the rights of others are affected he has no grounds of complaint. *Poundstone* v. *Baldwin*, 145 Ind. 139, 144, and cases cited; *Steele* v. *Epsom*, 142 Ind. 397, 406, and cases cited.

As appellant's amended complaint did not make a case entitling him to equitable relief, appellee's demurrer thereto was properly sustained.

Judgment affirmed.