PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY *v.* MACHLER ET AL.

[No. 19,415.  Filed March 12, 1902.]

DRAINS. —*Notice.* — *Waiver.* —*Remonstrance.*—Where a railroad company affected by the construction of a drain was served with notice twenty days before the petition was docketed, and within the time prescribed by the statute, and appeared, and filed a remonstrance challenging the assessment against its right of way, without making any objection to the sufficiency of the notice, or the regularity in filing the petition, such act will be held to constitute a waiver of all questions pertaining to the jurisdiction of the court.  *pp. 160–163.*

APPEAL AND ERROR.—*Jurisdiction.—Collateral Attack.*—Invoking questions in the right of others against the validity of a judgment for want of notice or other jurisdictional fact is a collateral attack by the party doing so, and as against a collateral attack a finding of the court that notice has been given, or other facts necessary to jurisdiction has been established, is conclusive, unless the record affirmatively discloses that the contrary is true.  *p. 163.*

DRAINS.—*Railroads.—Constitutional Law.*—The State has the right to authorize the improving of a drain across the right of way of a

railroad company by deepening and widening a natural channel, and such an act is not in violation of the State or federal Constitution. *p. 164.*

DRAINS.—*Railroads.*—*Benefits.*—*Evidence.*—Evidence in the trial of a' proceeding to establish a drain, over the remonstrance of a railroad company, that the drain would carry off the water from the side ditches of the railroad company that had no outlet, and as to the general sufficiency of the drain to convey the water away from the vicinity of the railroad, and thus make unnecessary the construction of another bridge in the neighborhood, was competent as tending to show benefits to the railroad company by the construction of the drain. *p. 165.*

SAME.—*Railroads.*—*Benefits.*—*Evidence.*—Evidence by an expert civil engineer, experienced in railroad construction and maintenance in swamp land, in a proceeding to establish a drain, as against the remonstrance of a railroad company, relative to the cost of the maintenance of a railroad bed made of muck soil when saturated by seepage from standing water and when dry and free from standing water and the relative value of the property under the two conditions was competent as tending to establish benefits. *p. 165.*

TRIAL.—*Evidence.*—*Objection.*—*Exception.*—*Appeal and Error.*—Available error cannot be predicated upon the action of the court in excluding evidence, where the offer to prove was not made until after the objection was sustained. *p. 165.*

From LaPorte Circuit Court; *J. C. Richter*, Judge.

Proceeding for the establishment of a drain in which the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company remonstrated. From a judgment establishing the drain, the remonstrant appeals. *Affirmed.*

*N. O. Ross* and *G. E. Ross*, for appellant.
*L. Darrow*, *E. E. Weir* and *M. H. Weir*, for appellees.

HADLEY, J.—Appellant was a remonstrant in a proceeding instituted by the appellees under the drainage act of 1885 (§5623 *et seq.* Burns 1901), for the construction of a ditch. The judgment of the circuit court is assailed for apparent want of jurisdiction in this: (1) Because there was no petition on file when the primary notice was given; (2) because on the day stated in the notice for docketing there was no petition on file to be docketed, nor any action taken in the proceeding; and (3) because the petition was filed on the same day it was docketed, which was three days

Pittsburgh, etc., R. Co. v. Machler.

after the time stated in the notice. The record shows that the petitioners caused a notice that they had filed in the clerk's office of the LaPorte Circuit Court their petition for drainage of certain described lands in said county, setting forth the route of the proposed drain as described in the petition, and the names of the owners of the lands affected, and that said petition would be docketed on February 3, 1899, to be served personally on divers persons and corporations so named, including appellant, and by posting like notices to all named owners, at the court-house door, and at three public places in each township along and near the line of the proposed drain, which said posting was on the 9th day of January, and said personal service on the 13th, 14th, and 16th days of January, 1899. February ·6, 1899, the petitioners filed their said petition in the LaPorte Circuit Court, and having made proof of the service of notice as above stated, the court ordered the petition docketed as a pending cause. No demurrer, remonstrance, or objection having been filed within ten days after docketing, the petition was referred to the drainage commissioners, with instructions when and where they should meet and when they should report. The drainage commissioners, in conformity to the requirements of §5624 Burns 1901, made and filed their report favorable to the construction of the drain, and within ten days after such filing appellant filed a remonstrance on the various grounds allowable under §5625 Burns 1901. Divers other remonstrances were also filed under said latter section.

November 16th the commissioners' report, with the various pending remonstrances, was submitted to the court for trial. Appellant requested in writing upon its part a special finding of facts and conclusions of law. November 21st the court announced a general finding on the other remonstrances. November 22nd a special finding of facts and conclusions of law were filed on appellant's remonstrance,

finding in substance: That it would be practicable to accomplish the proposed drainage at a cost less than the aggregate benefits; that the proposed work would improve the public health, and benefit public highways in three townships, and be of public utility; that the ditch would be sufficient to drain properly the lands affected; that from the beginning said proposed drain follows the course of a natural stream, which flows all the year round, and which passes through and underneath the railroad bridge of appellant, known as bridge 463, and thence flowing southwesterly a distance of two and one-half miles empties into the Kankakee river; that on the north, and along appellant's right of way in four sections, is a large tract of low land, all of which has its outlet through and under said bridge 463, and appellant's right of way through said four sections becomes inundated with water, which rises at times to the ties, rendering the road bed soft, and dangerous to operate trains upon, and more expensive to maintain than it would be if properly drained; that the proposed ditch will be sufficient to drain effectually said four sections and right of way through the same, and appellant will be benefited in excess of all damages the sum of $600. November 23rd the court made a general summing up by items of all modifications of the original assessments, as a result of the remonstrances, including appellant's, and adjudged in one general order that the report of assessments as modified by the court should be held to be the true assessments, and that the commissioners' assessments, as thus modified, should stand confirmed, and the drain established.

Whatever the fact may be with respect to the presence or absence of the petition from the clerk's office at the time the notice of filing the petition was served or on the day set for docketing, or the subsequent filing in court and docketing of the petition on the same day, appellant is not in a situation to raise any question concerning it. The record shows that appellant was personally served with such notice twenty

days before the petition was docketed, and within the time prescribed by the statute it appeared and filed its remonstrance, challenging the assessment against its right of way upon all permissible grounds. Having appeared before the court and pleaded to the merits of the proceeding and assessment, without making any objection to the sufficiency of the notice, or the regularity in filing the petition, that act will be held to be a waiver of all questions pertaining to the jurisdiction of the court growing out of such matters. *Ford* v. *Ford,* 110 Ind. 89; *Sunier* v. *Miller,* 105 Ind. 393.

Invoking questions in the right of others against the validity of a judgment for want of notice or other jurisdictional fact is a collateral attack by the party doing so, and as against a collateral attack a finding of the court that notice has been given, or other facts necessary to jurisdiction has been established, is conclusive, unless the record affirmatively discloses that the contrary is true. *Steele* v. *Empson,* 142 Ind. 397; *Perkins* v. *Hayward,* 132 Ind. 95, 103; *Hackett* v. *State,* 113 Ind. 532; *Pickering* v. *State,* 106 Ind. 228.

Appellant argues that, in the absence of an affirmative showing that a petition was on file in the clerk's office when the notice was served and on the day fixed for docketing, a notice that such was the fact amounts to no notice at all. This position is unsound for the reason that when it appears—as it does in this case—that the court acted upon the notice and upon the regularity in presenting the petition, it must, in a collateral attack, be conclusively presumed that such notice and the time and manner of presenting the petition were such as the law requires; and the fact that such action was taken, and the court proceeded in the cause, is sufficient, without a formal entry declaring that such steps were taken in accordance with the statute. *Carr* v. *State,* 103 Ind. 548; *Carr* v. *Boone,* 108 Ind. 241; *Updegraff* v. *Palmer,* 107 Ind. 181. Furthermore, appellant, having been served with notice and having appeared to the

proceeding, can not take advantage of a failure to notify others unless it appears—which is not claimed—that such failure will prevent a construction of the drain. *Grimes* v. *Coe,* 102 Ind. 406; *Poundstone* v. *Baldwin,* 145 Ind. 139, 144; *Cooper* v. *Shaw,* 148 Ind. 313, 316; *Steele* v. *Empson,* 142 Ind. 397, 405; *Carr* v. *Boone,* 108 Ind. 241. Besides,· it does appear that all interested persons and corporations had such notice as the statute declares sufficient. The record shows that a notice "setting forth the route of said drain as described in the petition, the fact of the filing and pendency of such petition and when the same shall be docketed", addressed to all persons who appear by the petition to be owners of lands affected by the proposed drain, was served personally upon some and posted as against all at the court-house door and in three public places in each township near the line of the ditch; and presuming, as we must, in favor of the right action of the court, we must assume, in the absence of anything to the contrary, that all persons and corporations not personally served were non-residents of the county. This was "sufficient to give the court jurisdiction over all the lands described therein, and power to fix a lien thereon." §§5623, 5624 Burns 1901. We therefore conclude that the court had jurisdiction of the subject-matter and person of appellant.

II.    The State has the undoubted right to authorize the improving of a drain across the right of way of a railroad company by deepening and widening a natural channel, as in this case, and such an act is not a violation of the State or federal Constitution. §5153 Burns 1901, Spec. 5; *Lake Erie, etc., R. Co.* v. *Cluggish,* 143 Ind. 347; *Evansville, etc., R. Co.* v. *State,* 149 Ind. 276; *Baltimore, etc., R. Co.* v. *Board, etc.,* 156 Ind. 260.

III.    Appellant assigns forty-five reasons for a new trial. The first five count on the overruling of its motion to set aside the court's general finding upon its remonstrance, and the failure of the court to make a special finding as re-

quested.   There is no merit in any of these reasons.   Indeed, we are puzzled in finding any ground for either of them for the record clearly shows that the court made and filed a special finding in compliance with its request, and that there was no general finding in appellant's case other than the summing up noted above

Except two, the other reasons relate to the action of the court in the admission and exclusion of proffered testimony. Over appellant's objection, two witnesses were permitted to testify that the proposed drain would carry off the water from the side ditches of appellant's railroad that then had no outlet, and as to the general sufficiency of the drain to convey the water away from the vicinity of appellant's railroad, and thus make unnecessary another culvert or bridge in the neighborhood, then being maintained by appellant. All this tended to show benefits, and was competent.

One Rosencranz, as an expert civil engineer, experienced in railroad construction and maintenance in the Kankakee valley, wherein the drain in controversy is situate, was permitted to give the relative cost of the maintenance of a railroad bed made of muck soil when saturated by seepage from standing water and when dry and free from standing water; also the relative value of the property under the two conditions.   This testimony also tended to establish benefits, and was properly admitted.

The other reasons for a new trial all relate to the exclusion of testimony offered by appellant.   All of these reasons are unavailing, because in each instance, except two unimportant ones, the exception was improperly reserved.   The record is uniformly in this condition.   The question is propounded by appellant.   The petitioners object upon stated grounds.   "Objection sustained.   Exception reserved." After which an offer to prove is made.   It has been many times decided that this sort of record presents no question. *Gunder* v. *Tibbits,* 153 Ind. 591; *Whitney* v. *State,* 154 Ind. 573; *Rinkenberger* v. *Meyer,* 155 Ind. 152; *Wilson* v.

*Carrico,* 155 Ind. 570; *Mark* v. *North,* 155 Ind. 575; *State, ex rel.,* v. *Cox,* 155 Ind. 593; *Miller* v. *Coulter,* 156 Ind. 290.

There is no ground for argument on the sufficiency of the evidence to sustain the finding.

Judgment affirmed.