SLINKARD *v.* HUNTER.

[No. 26,637. Filed February 4, 1936.]

*W. L. Slinkard*, for appellant.

*Beasley & Beasley, Will R. Vosloh* and *Orval D. Hunter*, for appellee.

FANSLER, J.—Appellant, who was a candidate for the office of prosecuting attorney, filed a petition to contest the election for that office under section 29-2304, Burns' Ann. St. 1933. His petition is upon the ground of illegal votes and fraud or mistake in the official count. The petition states that the contestor desires a recount of the votes. The petition was filed upon the last day permitted by the statute. An undertaking was filed with the petition, which was insufficient and which the clerk did not approve. Two days later a sufficient undertaking was filed, was approved, and then, and not until then, notice to the contestee issued. Section 29-2304, *supra*, provides that any person desiring to contest an election shall file a petition in the office of the clerk of the circuit court, specifying one or more of the statu-

tory grounds of contest; that the petition shall be filed not more than ten days after the Thursday next following such election; that if the contest is upon the ground of illegal votes or fraud or mistake in the official count, and the contestor desires a recount, he shall so state in his petition, and shall file with his petition a written undertaking payable to the contestee, and to the approval of the clerk, conditioned that he will pay all costs of such recount. "Upon such petition being filed, and such undertaking being filed and approved, when such undertaking is required by this act, then the clerk shall issue a notice, in the form of a summons, directed to the sheriff of such county, directing him to summon the contestee and all other persons named in such petition, as candidates for such office, to appear and answer such petition, on a day to be fixed in such notice, not more than ten (10) days nor less than five (5) days after the service of such notice." Two days after the filing of the petition, and after the time for filing had expired, the clerk issued a summons to the contestee notifying him to appear five days later and answer. Upon the date fixed in the summons, the record shows that appellee's attorneys "appeared specially for the said Orval D. Hunter for the purpose of filing affidavit for change of venue from the judge." The affidavit for a change was filed, and the change granted, and, by agreement of the parties, a special judge was appointed. Thereafter the record recites: "Comes now Orval D. Hunter and files his verified motion to strike out petition for recount." The motion alleges that at the time of filing appellant's petition an undertaking was filed, which was never approved by the clerk; that thereafter, and after the time allowed by statute for the filing of a petition for contest, appellee withdrew his undertaking, and, without the consent of the court, filed a substituted undertaking; that no notice or summons was issued by the clerk at

the time the petition and first undertaking were filed, nor until after the withdrawal of the first undertaking and the filing of the second. There was a prayer that the petition for recount be stricken from the files. The ruling on the motion is shown by the following entry: "And now the court further finds upon said motion of the contestee that the contestor's cause of action was not filed and commenced within the time fixed by law and that the court has no jurisdiction of this cause of action. It is therefore adjudged, ordered and decreed by the court that the contestor take nothing herein, and that said contestor pay all costs hereof in favor of the contestee and taxed in the sum of $——."

Among the errors assigned on this appeal are that the court erred in sustaining appellee's motion to dismiss appellant's petition for a recount of votes; that the court erred in rendering judgment for costs against the appellant on appellee's motion to dismiss appellant's petition for recount of votes; and that the court erred in striking out appellant's petition for a contest upon its own motion. We need not notice the other assignments.

The procedure for an election contest and for a recount of votes is purely statutory, and one seeking relief under the statute must bring himself strictly within its terms. *Martin* v. *Schulte* (1932), 204 Ind. 431, 182 N. E. 703.

The public has an interest in the speedy determination of controversies affecting elections, and provisions of the statute limiting the time within which steps may be taken are universally regarded as mandatory, and unless they are strictly complied with the court is without jurisdiction of the subject-matter. 20 C. J., §280, p. 220, and cases there cited.

It is conceded that the bond filed with the petition for contest was insufficient. The bond thereafter filed

was not filed with the petition, and was filed two days after the time permitted by the statute. It follows that no jurisdiction was vested in the court to appoint a recount commission. Appellee's motion was directed to the recount petition, and not the petition for a contest. The question was properly raised by a motion to dismiss, and might have been raised at any time during the proceeding, with or without a written motion. *Steinmetz* v. *Hammond* (1906), 167 Ind. 153, 78 N. E. 628; *Prather* v. *Brandon* (1909), 44 Ind. App. 45, 88 N. E. 700. Since a proper undertaking was not filed with the petition for a contest, nor within the time provided by statute, appellee's motion to dismiss the petition for a recount was properly sustained.

But, as to the court's action in dismissing appellant's petition to contest the election, another question is presented. The record does not show that appellee moved in writing or otherwise for the dismissal of the contest proceedings. The petition for the contest was filed within the time prescribed by the statute. This was sufficient to give the court jurisdiction of the subject-matter of the contest proceeding. A contest proceeding may be conducted with or without a recount. The recount is optional with the petitioner for the contest. The issuing of summons affects only jurisdiction of the person. The statute provides that upon the petition being filed the clerk shall issue a notice in the form of a summons. It does not say when he shall issue it, although it must be presumed that it was intended that it should issue immediately. It is appellee's contention, and no doubt the theory upon which the trial court acted, that, since a civil action is not begun until summons issues, the action here was not begun in time. But this is not a civil action. The contest statute provides that the petition shall be filed not more than ten days after the Thursday next following the election.

The statute concerning civil actions provides that: "A civil action shall be commenced by filing in the office of the clerk a complaint, and causing a summons to issue thereon; and the action shall be deemed to be commenced from the time of issuing the summons." Section 2-802, Burns' Ann. St. 1933. A distinction is seen in that the election contest statute does not require the action to be begun, but only that the petition shall be filed, within the time prescribed.

Jurisdiction of the person may be acquired by service of process or by a voluntary appearance. An appearance to the action amounts to a waiver of process or of any irregularities or imperfections in service. *Louisville, etc., R. Co.* v. *Nicholson* (1877), 60 Ind. 158; *Gilbert* v. *Hall et al.* (1888), 115 Ind. 549, 18 N. E. 28; *Pittsburgh, etc., R. Co.* v. *Machler* (1902), 158 Ind. 159, 63 N. E. 210; *Kirkpatrick Construction Co.* v. *Central Electric Co. et al.* (1903), 159 Ind. 639, 65 N. E. 913; *Kramer et al.* v. *Fishback et al.* (1913), 180 Ind. 178, 102 N. E. 831.

It was held in *Princeton Coal, etc., Co.* v. *Gilchrist* (1912), 51 Ind. App. 216, 220, 99 N. E. 426, that: "A motion for a change of venue, while not strictly affecting the merits of the action, necessarily recognizes the jurisdiction of the court over the persons who join in the motion and invokes the aid of the court in that behalf." It was held that such a motion is an admission of jurisdiction and a full appearance. The same reasoning applies to a motion for change of judge. It is true that the record shows that the appearance was special for the purpose of asking for the change of judge. But the character of the appearance is determined by the steps taken by the defendant. *Chicago, etc., Ry. Co.* v. *Kenney* (1901), 159 Ind. 72, 62 N. E. 26; *Gilbert* v. *Hall et al., supra;* Watson's Rev. of Work's Practice & Forms, §903, p. 616.

Since it is clear that the court had jurisdiction of the subject-matter and jurisdiction of the person of appellee, insofar as the petition for a contest of the █ election is concerned, it was error to dismiss the petition and render judgment for costs against appellant.

Appellee contends that appellant has failed to comply with the rules of this court in respect to the preparation of the transcript and brief. As originally █ filed there was no index to the transcript, but that has been supplied by leave of court. It is also pointed out that appellant's brief does not comply with the rules in reference to margins and points and authorities. The brief is far from being a model. It is sufficient, however, to advise the court of the questions sought to be presented, and therefore the merits of the case have been considered. It is with the greatest reluctance that the court refuses to pass upon the merits of a case because of defects in the brief, but this should not be considered as excusing a compliance with rules which seem to present no difficulties to the average practitioner.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.