STATE EX REL. BEEMER *v.* MARKEY, JUDGE, ETC.

[No. 27,235. Filed June 9, 1939.]

*McTurnan & Higgins, Lawrence H. Hinds, James P. Robinson,* and *Howard O. Sigmund,* for appellant.

*John C. Ruckelshaus, John K. Ruckelshaus, William L. Taylor, Thompson Kurrie, Samuel J. Mantel, Archie N. Bobbitt, Louis B. Ewbank, William H. Krieg,* and *C. Severin Buschmann,* for appellee.

PER CURIAM—The alternative writ heretofore issued is hereby made permanent by reason of the provisions of §3-2618 Burns 1933 Pocket Supp., §1157-3 Baldwin's 1934, May Supp. 1937, Acts 1937, chapter 109, section 3, page 511, which provides that:

"In any action, proceeding or matter of any character or nature whatsoever relating to, connected with, or involving a receivership estate, any of the parties thereto shall be entitled to a change of Judge or a change of venue from the county for the same reasons and upon the same terms and conditions upon which there may be a change of Judge or a change of venue from the county in any civil action; . . ."

The statute giving this court power to issue writs of prohibition being §3-2201 Burns 1933, §1090 Baldwin's 1934, limits the exercise of that power to confining inferior courts to their respective lawful jurisdiction. Keeping this statute in mind, it will be observed that the relator herein by filing her motion and affidavit for a change of venue affirms the court's jurisdiction of the subject-matter of this action, and no where in her brief does she suggest otherwise.

The plaintiffs in the cause, the venue of which was sought to be changed, likewise affirmed the jurisdiction of the court and they are in no position to deny the jurisdiction of the court over the subject-matter of the action.

While it is true that in the briefs filed herein the question of the jurisdiction of the court to entertain actions for the purpose of reorganization of private corporations is suggested and argued, we find no occasion in the decision of the question as to whether or not the writ should be made permanent to decide such a question as that question would be a question to be presented to this court on appeal and is not presented under the issues now before the court.