STATE EX REL. EMMERT, ATTORNEY GENERAL ET AL.

*v.* HAMILTON CIRCUIT COURT ET AL.

[No. 28,090. Filed May 29, 1945.]

*James A. Emmert,* Attorney General, *Cleon H. Foust,* First Deputy Attorney General, *Frank E. Coughlin,* First Assistant Attorney General, *Robert Hollowell, Jr., Forrest P. Jones, Winslow Van Horne, Thomas L. Webber, Karl J. Stipher,* Deputy Attorneys General, and *S. Lloyd Garrison,* Prosecuting Attorney for the 24th Judicial Circuit, for relators.

*Cassius M. Gentry,* of Noblesville, for respondents.

PER CURIAM.—In the court where he was tried and convicted of murder 20 years ago, David C. Stephenson asserts by a pleading, denominated a petition for writ of error *coram nobis,* that he should now have another trial. Relators are aware of the difficulties of marshalling in 1945 evidence to prove facts that existed and were susceptible of proof in 1925. They fear the possibility of an erroneous ruling by respondent court resulting in the unwarranted release of a guilty convict. Alleging that the State has no other adequate protection against misuse of the writ of error *coram nobis,* relators ask us to exercise in an unprecedented manner a strong arm of this court, namely, a writ of prohibition. The use of one of two extraordinary remedies is thus sought to prevent the anticipated abuse of the other. Each has its proper function. Neither should be perverted.

Respondents concede that the temporary writ was properly granted because the record below did not then show unavailability of the judge who presided at the trial. *State ex rel. Meyer* v. *Youngblood* (1943), 221 Ind. 408, 48 N. E. (2d) 55. But the fact seems to be, as alleged by respondents and not denied by relators,

that he is unavailable and this case is decided upon the assumption that the record will be made to state the fact.

The function of prohibition is to keep inferior courts within their jurisdiction. § 3-2201, Burns' 1933. *State ex rel. Gannon* v. *Lake Circuit Court, ante,* p. 375. As stated therein "the issues in such a proceeding should be narrowly drawn." We shall consider only the questions necessary to a decision.

Relators' brief calls attention to the fact that in Stephenson's "supplemental petition filed in the Hamilton Circuit Court November 16, 1944, he sets forth thirty-nine (39) proceedings he has taken during the last nineteen (19) years including six (6) petitions for writ of error *coram nobis,* and nine (9) *habeas corpus* actions, all but one of which he states were on the same subject matter." We agree with relators that there should be an end to this litigation. But the place to stop it is in respondent court. Respondent Judge may, and we shall assume that he will, refuse to entertain successive petitions that merely reiterate grounds that were or could have been stated in Stephenson's motion for a new trial made prior to his appeal. From 1816 until 1882 Indiana got along without *coram nobis.* It was resurrected by Judge Elliott for "an extraordinary case." See first line of opinion in *Sanders* v. *The State* (1882), 85 Ind. 318. It is not again mentioned in our reports until in *Wheeler* v. *State* (1902), 158 Ind. 687, 63 N. E. 975, a writ was held properly denied. If trial courts will reserve the remedy for extraordinary cases of gross miscarriage of justice, few writs will be granted.

Stephenson's latest petition is said to present nothing substantially different from the contentions made in his

petition before this court at the same time as his appeal, *Stephenson* v. *State* (1932), 205 Ind. 141, 197, 179 N. E. 633, 186 N. E. 293, wherein it was stated that "the allegations are not sufficient." This, say relators, is *res judicata*. But the case decided that this court was without jurisdiction. A dictum in a case the court was not empowered to decide may be persuasive but it is not conclusive.

It is shown by the pleadings herein that in 1942 Stephenson filed in respondent court a petition for writ of error *coram nobis* which was docketed as a a civil action, the State demurred, respondent Judge sustained the demurrer, entered an order denying the writ, and Stephenson prayed an appeal which was never perfected. This also, say relators, is *res judicata*. It may be. But when we granted the temporary writ of prohibition, the only pleadings below were the petition and a demurrer thereto which respondent Judge had overruled. Ordinarily, former adjudication is pleaded by answer. If the State's demurrer raises the question the error is already saved for appeal. If not, there is still time to file an answer of *res judicata*. The important consideration is whether the present and former petitions state substantially the same facts and ask the same relief. This the respondent court has jurisdiction to determine.

Relators finally urge that the State has no other adequate remedy. They assume that no appeal lies from an order granting a writ of error *coram nobis*. It is true that none has been provided by statute. But this is not necessary. In *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. (2d) 399, we said that an "appellant may not be denied his right to present his case to this court for review because the Legislature has not provided a means for

bringing it here." The opinion further disapproves "the language contained in the many cases which seem to suggest that the right of appeal to this court exists only by the grace of the legislative branch of the government." In *Joseph E. Seagram & Sons* v. *Board of Com'rs., etc.* (1943), 220 Ind. 604, 45 N. E. (2d) 491,. we disregarded an express legislative fiat that "there shall be no appeal from such judgment" and decided an appeal upon its merits. A prior opinion, State ex rel. *White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 34 N. E. (2d) 129, contains the broad statement that "the right to review is available in all cases, and, where the statutory appeal is inadequate, the writ of error or other appropriate means may be resorted to."

In these cases we were concerned with final judgments. An order granting a writ of error *coram nobis* is not a final judgment. But not all appeals are from final judgments. Where an interlocutory order takes certain property from a party or interferes with exercise of certain rights of ownership the Legislature itself has provided for appeal before final judgment. § 2-3218, Burns' 1933. The same statute permits review of interlocutory "orders and judgments upon writs of *habeas corpus*." Before final judgment an appeal lies from an order appointing a receiver, §3-2603, Burns' 1933. In eminent domain proceedings there is statutory appeal from an interlocutory order. § 3-1705, Burns' 1933. If interference with property rights of individuals is of sufficient importance to justify immediate review of interlocutory orders, can there be any question of the propriety of review, for error, of an order, though not final, which will put the State to the expense and disadvantage of a second trial, which may occur years after the offense? The possibilities of a miscarriage of justice to the detriment of

society are surely sufficient to justify extending to the State a right to have the error corrected before it becomes irremediable. We have no doubt of the constitutional power of this court to prescribe such procedure. In 1937 the General Assembly stepped out of the field of procedural legislation by expressly providing that thereafter the power to prescribe rules of practice and procedure should be exercised by this court. § 2-4718, Burns' 1933 (Supp.). Granted that 'this court must be the judge of its constitutional jurisdiction" (217 Ind. 112) to entertain an appeal and may prescribe the necessary procedure, the only deterrent would be the lack of necessity. We think it clearly exists. In *State ex rel. Hodshire* v. *Bingham, Judge* (1941), 218 Ind. 490, 33 N. E. (2d) 771, 134 A. L. R. 1126, we found necessity for a rule which was adopted by order made on the date of the opinion and first published therein. Following this precedent the court has this day adopted the following rule.

"RULE 2-40. An appeal may be taken to the Supreme Court from an order granting or denying a petition for writ of error *coram nobis.* The sufficiency of the pleadings and of the evidence to entitle the petitioner to the writ will be considered upon an assignment of error that the order is contrary to law. The transcript of so much of the record as is necessary to present all questions raised by appellant's propositions shall be filed with the Clerk of the Supreme Court within thirty (30) days after the date of the order. The provisions of Rule 2-15 applicable to appeals from interlocutory orders shall govern as to the time of filing briefs. All proceedings in the lower court shall be stayed until the appeal is determined. This rule shall apply to any order made on or after May 29, 1945, granting or denying a petition for writ of error *coram nobis.*"

Lest there be any doubt, it is the intention of the court that hereafter all appeals from orders denying

the writ shall be taken in accordance with this rule and not as appeals from final judgments.

The rule does not apply to orders made prior to this date. Liberality will be indulged in extensions of time as to appeals currently taken without knowledge of the rule.

The temporary writ of prohibition is dissolved and permanent writ is denied.

Note.—Reported in 61 N. E. (2d) 182.