STATE EX REL. BOARD OF MEDICAL REGISTRATION AND EXAMINATION ETC. *v.* ALLEN SUPERIOR COURT NO. 3 ET AL.

[No. 29,781. Filed May 19, 1959. Order substituting part of record filed May 22, 1959.]

*Edwin K. Steers*, Attorney General, and *Thomas L. Webber*, Assistant Attorney General, for relator.

*Kennerk & Dumas*, of Fort Wayne, and *Daily & Daily*, of Indianapolis, for respondents.

BOBBITT, J.—On May 14, 1957, the Hon. J. Robert Newkirk qualified and assumed jurisdiction as special judge in an action to review an order and determination of the Board of Medical Registration and Examination of Indiana, denying a license to practice chiropractic in the State of Indiana.

On June 18, 1957, such special judge heard oral arguments and made a written finding that the transcript as filed was incomplete in certain respects, and entered an order requiring the defendant-Board to certify all of its papers, communications, investigations and records connected in any manner with the application and hearings thereon of plaintiff Joseph B. Turner on or before September 1, 1957.

On October 11, 1957, the trial court by order book entry noted the filing of the supplemental transcript which it had previously ordered filed. Subsequently, on October 28, 1958, the parties were ordered to file special

findings of facts and conclusions of law within thirty days.

Thereafter, on November 27, 1958, defendant-relator herein, filed its application for withdrawal of submission of such cause under Rule 1-13 (1958 Edition) of this court. The pertinent part of such rule is as follows:

"Whenever any issue of law or fact shall hereafter be submitted to the court for trial, ruling, or decision, and the judge shall take the same under advisement, the court shall not hold the same under advisement for more than ninety (90) days; . . . ."

On February 16, 1959, the special judge entered an order fixing March 16, 1959, as the date for disposition of all the issues involved in the case, and on such date (March 16, 1959), heard oral arguments on the application to withdraw submission. Following such arguments the court overruled the application to withdraw submission and over the objections of relator herein, entered of record in such cause its findings of facts and its judgment in favor of plaintiff.

Subsequently, and on the same day (March 16, 1959), relator herein filed its motion to vacate and expunge from the record the special findings of facts, conclusions of law, judgment and decision of the special judge on the theory that such judge was without authority to act further in the cause after the filing of the written application for withdrawal of submission. This motion was addressed to the regular judge and requested that he submit a new list from which a special judge could be selected. On March 18, 1959, the regular judge filed his written opinion asserting that he was without jurisdiction to act on the motion to expunge.

On March 26, 1959, relator filed its petition in this

court seeking a writ of mandate to compel the regular judge of the Allen Superior Court Room 3 to expunge and vacate the special findings of facts and conclusions of law and the judgment entered thereon by the special judge on March 16, 1959, and that respondents be ordered to submit a list from which a new special judge may be selected, or show cause why this should not be done.

Respondents have filed their return asserting that the regular judge of the Allen Superior Court is without jurisdiction to take any action as requested by relator and citing *State ex rel. Beatty* v. *Nichols, Sp. J., etc.* (1954), 233 Ind. 432, 120 N. E. 2d 407, in support of their position.

In that case relator filed a petition requesting that the submission of the cause be withdrawn pursuant to Rule 1-13 of this court. The petition was overruled and a finding and judgment rendered against the defendant-relator. In the present case relator has also pursued its cause of action to final judgment which was adverse to it. It now requests this court to determine in a mandamus proceeding questions which could be reviewed fully on appeal.

Relator herein may not use a writ of mandamus as a substitute for an appeal. *State ex rel. Beatty* v. *Nichols, Sp. J., etc., supra* (1954), 233 Ind. 432, 120 N. E. 2d 407.

Therefore, the alternative writ of mandate heretofore issued herein is dissolved and a permanent writ denied.

Landis, C. J., Achor, Arterburn and Jackson, JJ., concur.

NOTE.—Reported in 158 N. E. 2d 293.