STATE EX REL. WILSON *v.* LAKE CIRCUIT COURT ETC. ET AL.

[No. 29,815. Filed September 1, 1959.]

*Walker, McClaskey & Dawson,* of East Chicago, for relator.

*Milo C. Murray* and *Hilbert L. Bradley,* both of Gary, for respondents.

BOBBITT, J.—Relator herein seeks a writ of prohibition commanding respondents[1] to refrain from proceeding further with a primary election contest and recount, involving the nomination for city councilman on the Democratic ticket, in the fifth councilmanic district in the City of Gary, Lake County, Indiana.

We issued a temporary writ.

Relator asserts that neither the respondent court, nor the judge thereof, "ever at any time" acquired jurisdiction of the "subject matter" or "the person of relator."

*First*: The Lake Circuit Court has jurisdiction in primary election contests and recounts. Acts 1951, ch. 87, §1, p. 275, being §29-5504, Burns' 1959 Cum. Supp.; Acts 1945, ch. 208, §326, p. 680, being §29-5403, Burns' 1949 Repl.; and Acts 1945, ch. 208, §341, p. 680, being §29-5501, Burns' 1949 Repl.

---

1. Respondents Rudolph Konderla, Charles Esola and James Wright, as Recount Commissioners, are improperly joined as respondents, because this court is without authority to issue an order against them in a proceeding such as is here involved. *State ex rel. Wilson* v. *Howard Circuit Court* (1957), 237 Ind. 263, 145 N. E. 2d 4.

The timely filing of the petition for contest and recount herein was sufficient to invoke the provisions of the statutes and to vest jurisdiction of the subject-matter of such proceeding in respondent court. *Slinkard* v. *Hunter* (1936), 209 Ind. 475, 479, 199 N. E. 560.

*Second*: Did respondent court acquire jurisdiction of the person of relator? This question is answered by the record.

On June 4, 1959, relator filed in respondent court a verified motion for a change of venue from the regular judge of such court. This act constituted a general appearance to the action and was sufficient to confer jurisdiction of the person of relator upon respondent court. *Slinkard* v. *Hunter, supra* (1936), 209 Ind. 475, 480, 199 N. E. 560.

Since respondent court and the special judge thereof are acting within the limits of its jurisdiction, this court, under the circumstances in this case, is without authority to prohibit further proceedings in the action for contest and recount herein. The Supreme Court of Indiana may issue writs of prohibition only to confine certain inferior courts specifically named in the statute[2] to their respective lawful jurisdictions. Acts 1955, ch. 253, §1, p. 647, being §3-2201, Burns' 1959 Cum. Supp.; *State ex rel. Beemer* v. *Markey, Judge, etc.* (1939), 215 Ind. 534, 21 N. E. 2d 400; *State ex rel. Emmert, et al.* v. *Hamilton Circuit Court* (1945), 223 Ind. 418, 421, 61 N. E. 2d 182, 159 A. L. R. 1279; *State ex rel. Wilson, etc.* v. *Howard Circuit Court* (1957), 237 Ind. 263, 145 N. E. 2d 4; *State ex rel. Allison* v. *Crim. Ct. of Mar. Co., etc.* (1958), 238 Ind. 190, 149 N. E. 2d 114.

---

2. Acts 1955, ch. 253, §1, p. 647, being §3-2201, Burns' 1959 Cum. Supp.

Relator herein may not use a writ of prohibition as a substitute for an appeal. *State ex rel. Bd. of Medical Reg. etc.* v. *Allen Sup. Ct.* (1959), 239 Ind. 449 158 N. E. 2d 293.

For the foregoing reasons the temporary writ heretofore issued herein is dissolved and a permanent writ denied.

Achor, C. J., Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 160 N. E. 2d 600.