STATE EX REL. WIREMAN *v.* CITY COURT,
LAFAYETTE, BROOKS, SPECIAL JUDGE

[No. 30,879. Filed November 14, 1967. Rehearing denied
January 30, 1968.]

Thomas W. Munger, of Lafayette, for relator.

Thomas L. Brooks, pro se.

Lewis, J.—The relator was given a ticket for a "speeding" violation. The ticket included a summons to appear in court. This was ticket number 676177 on which action was commenced in the City Court of West Lafayette.

In addition to the above, plaintiff was served with an ordinary summons issued from the City Clerk instituting another cause of action in the City of Lafayette on ticket number 676198 for the same offense. It is from this second action that the relator seeks relief. He requested that this Court issue a writ prohibiting the Lafayette Court from proceeding further in this action. A temporary writ was issued by this Court on November 22, 1965.

Relator maintains that the summons from the Lafayette Court was defective in that he only received three (3) days' notice instead of the statutory five (5) as required by Burns' Indiana Statutes, Anno., § 47-2326, (1965 Repl.), *Uniform Traffic Ticket and Complaint*— . . . , and Burns' Indiana

Statutes, Anno., § 47-2308, (1965 Repl.), *When person arrested to be given five days' notice to appear in court.*, and that the summons from the Clerk's office was not in accordance with the above-named statutes.

However, no matter how meritorious relator's argument may have been, he waived his *in personam* jurisdictional defects by requesting and being granted a change of venue prior to raising these issues. *State ex rel. Wilson v. Lake Circuit Court* (1959), 239 Ind. 670, 160 N. E. 2d 600, lays down the rule that the filing of a verified motion for a change of venue constitutes a general appearance thereby waiving *in personam* jurisdictional defects.

Relator also contends that the pendency of the action in West Lafayette prevents any action in the Lafayette courts. *Peters* v. *Koepke* (1901), 156 Ind. 35, 59 N. E. 33, states that the pendency of a criminal action against a defendant, for the same offense, in another court, where jeopardy has not attached, is not available to defeat a prosecution in a court of competent jurisdiction.

In addition to the above defects we conclude that the remedy of writ of prohibition from this Court will not lie in this case. A writ from this Court will only issue, if warranted at all, where there is no other remedy available at law to the relator. *State ex rel. Reichert* v. *Youngblood* (1947), 225 Ind. 129, 73 N. E. 2d 174.

In the case at bar it is elemental that a writ to enjoin the Lafayette Court should have been sought from the Tippecanoe County Circuit Court first under Burns' Indiana Statutes, Anno., § 3-2201, (1946 Repl.), [1966 Cum. Pocket Suppl.], *Actions by Complaint and Summons Substituted for Writ of Mandate in Circuit and Superior Courts— . . .*

An appeal would have been available from a judgment in this proceeding if required. It is fundamental that a writ of

prohibition cannot be used as a short cut for an appeal. *Supreme Court ex rel. Demoss* v. *Daviess Circuit Court* (1962), 243 Ind. 182, 183 N. E. 2d 607.

The temporary writ being improvidently issued by this Court, is now dissolved and a permanent writ is denied.

Hunter, C. J., and Arterburn and Mote, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 230 N. E. 2d 776.