STATE EX REL. RANEY, ADMINISTRATRIX, ETC. *v.* THE
GIBSON CIRCUIT COURT, EBY, JUDGE.

[No. 30,023.  Filed March 23, 1961.]

498

*McDonald & McDonald,* of Princeton, for relator.

*John H. Jennings, Gerald G. Fuchs,* both of Evansville, and *Loren McGregor,* of Princeton, for respondents.

PER CURIAM.—Relator seeks a writ of mandate and prohibition to require respondents to dismiss a cross-complaint filed in a wrongful death case pending in respondent-court, and to prohibit them from exercising further jurisdiction thereof. We issued an alternative writ.

On June 1, 1959, relator, as administratrix of the estate of George Richard Raney, deceased, under appointment of the Daviess Circuit Court, filed her complaint in the Gibson Circuit Court against one Orris Junior Young for the wrongful death of her decedent growing out of an automobile accident which occurred April 5, 1959. Summons was duly served upon defendant-Young, who appeared by counsel and filed certain preliminary motions, which are of no consequence here.

On December 15, 1959, relator filed an amended complaint to which the defendant-Young, on April 21, 1960, filed a cross-complaint for personal injuries arising from and out of the same accident in which relator's decedent was killed. To this cross-complaint relator filed answer on May 2, 1960, and on May 4, 1960, de-

fendant-Young filed his answer to the amended complaint.

On September 12, 1960, relator filed a motion for leave to withdraw her answer to the cross-complaint and a motion to dismiss the cross-complaint for want of jurisdiction. Both of these motions were overruled on September 16, 1960.

Subsequently, on October 3, 1960, relator filed a motion to reconsider the ruling on the motion to dismiss. This motion was overruled on October 6, 1960, and the action here was filed four days later.

Relator asserts that respondent, Gibson Circuit Court, has no jurisdiction to entertain the cross-complaint because defendant-Young has not complied with the provisions of Acts 1953, ch. 112, §1402, p. 295, being §7-802, Burns' 1953 Replacement, by filing a claim in the office of the clerk of Daviess County, where the estate is pending, within six months after the date of the first published notice to creditors.

Jurisdiction is the right, authority and power to hear and determine a cause of action. *State ex rel. Pub. Serv. Com.* v. *Marion C. Ct.* (1952), 230 Ind. 277, 284, 100 N. E. 2d 888.

Prohibition is an extraordinary remedy and will not issue unless respondent court is acting without the bounds of its jurisdiction. *State ex rel. Pub. Serv. Com.* v. *Marion C. Ct., supra* (1952), 230 Ind. 277, 291-292, 100 N. E. 2d 888. 19 I. L. E., Mandate and Prohibition, §161, p. 299.

The Gibson Circuit Court has original jurisdiction in all cases at law and in equity except as otherwise provided by statute, and the case in question here does not come within the exceptions noted. Acts 1881 (Spec. Sess.), ch. 24, §3, p. 102, being §4-303, Burns' 1946 Replacement; *Royal Ins. Co.* v. *Stewart*

(1921), 190 Ind. 444, 454, 129 N. E. 853; *State ex rel. Pub. Serv. Com.* v. *Marion ·C. Ct., supra* (1952), 230 Ind. 277, 285, 100 N. E. 2d 888.

Respondent-court has jurisdiction of the general subject-matter of the cross-complaint here involved, it has obtained and has jurisdiction of the parties. and of the particular case in which the cross-complaint was filed, therefore it has jurisdiction (the authority and power) to hear and determine the issues raised by defendant-Young's cross-complaint. Consequently, its order overruling relator's motion to dismiss the same is not void although it might be erroneous. The authority to decide carries with it the power to decide wrong, as well as right. *State ex rel.* v. *Brennan, Judge* (1952), 231 Ind. 492, 497, 109 N. E. 2d 409.

If respondent court has committed error in its ruling on relator's motion to dismiss her remedy is by appeal; *State ex rel. Bev. Shores H. Corp.* v. *Fleishbein, J.* (1953), 232 Ind. 549, 550, 114 N. E. 2d 662; *State ex rel. Miller et al.* v. *Kroger, Spl. J.* (1956), 235 Ind. 556, 562, 563, 135 N. E. 2d 520; and a writ of prohibition may not be employed as a substitute therefor. *State ex rel.* v. *Brennan, Judge, supra* (1952), 231 Ind. 492, 499, 109 N. E. 2d 409; *State ex rel. Bev. Shores H. Corp.* v. *Fleishbein, J., supra* (1953), 232 Ind. 549, 551, 114 N. E. 2d 662.

The alternative writ heretofore issued is dissolved and a permanent writ denied.

NOTE.—Reported in 173 N. E. 2d 660.