STATE EX REL. ARMSTRONG *v.* JUVENILE COURT OF MARION COUNTY, FIELDS, JUDGE.

[No. 30,189. Filed February 21, 1962.]

*Chavis, Crowdus & Walton,* of Indianapolis, for relator.

*Harold N. Fields, pro se,* and *Howard R. Hooper,* of counsel, of Indianapolis, for respondents.

BOBBITT, J.—This is an action for writ of mandate to require respondents to furnish relator a bill of exceptions containing the evidence in Cause No. PT 60-651, in the Juvenile Court of Marion County,

Indiana, wherein one Murleana Pearl Woods is plaintiff and relator, Vanus Armstrong, is defendant.

The petition alleges, *inter alia,* that relator filed his praecipe with the clerk of the Juvenile Court of Marion County preparatory to an appeal to the Appellate Court of Indiana and directed such clerk to prepare a transcript of the evidence; that relator was informed by the clerk that no court reporter was present at the hearing to take and preserve the evidence; and that subsequently relator petitioned respondent court "to prepare for him a Bill of Exceptions, . . . containing the evidence" for use on appeal.

The trial court denied relator's petition for bill of exceptions and he then petitioned this court for writ of mandate requesting that respondents be commanded to furnish him with a bill of exceptions containing the evidence for use on appeal to the Appellate Court.

The jurisdiction of this court to issue writs of prohibition and mandate is limited by the Constitution and by statute. *State ex rel. N. Y. C. Ry.* v. *Starke Cir. Ct. et al.* (1952), 231 Ind. 360, 367, 108 N. E. 2d 708.

Writs of mandate may issue out of the Supreme Court of this State in aid of its appellate powers and functions and to such inferior courts as are specifically designated by statute, to compel the performance of any duty enjoined upon them by law. Acts 1955, ch. 253, §1, p. 647, being §3-2201, Burns' 1961 Cum. Supp.; *State ex rel. Rans* v. *Fulton Circuit Court et al.* (1960), 240 Ind. 288, 164 N. E. 2d 111.

The record here does not show that relator made any request to have a court reporter present to tran-

scribe the evidence at his trial, or that he made any objection to proceeding to trial without one. Under these circumstances he cannot later complain that there was no court reporter present. *Edwards* v. *Edwards* (1961), 132 Ind. App. 567, 177 N. E. 2d 919, 921.

It is the "duty and responsibility of an appellant to prepare or cause to be prepared his transcript for an appeal . . . in the manner and form which he believes will properly present the questions he seeks to raise." *Gilkison et al.* v. *Darlington et al.* (1953), 123 Ind. App. 637, 641, 85 N. E. 2d 651; Acts 1881 (Spec. Sess.), ch. 38, §406, p. 240, being §2-3106, Burns' 1946 Replacement; 2 I. L. E., Appeals, §311, p. 131.

"[I]t is the duty of the trial court to certify to the correctness of the bill tendered or to make such corrections as is deemed necessary to make the bill speak the truth." *Gilkison et al.* v. *Darlington et al., supra,* at page 642 of 123 Ind. App.

It is not material that evidence at a trial be recorded and transcribed by an official court reporter. In the absence of a verbatim transcription of the evidence it may be stated in narrative form and the parties may agree upon a bill of exceptions and present it to the judge for his approval and signature. 2 I. L. E., Appeals, §293, pp. 105, 106.

It appears from the verified return of the respondent, Judge Fields, that no effort has been made by relator or either of his attorneys to agree with the other party upon a bill of exceptions.

It is not the duty of the trial judge to furnish a bill of exceptions to the party desiring to appeal.

The statute and rules of this court only provide that the judge shall sign a bill of exceptions if true, and cause it to be filed in the cause, and if not true, he shall correct it, then sign and cause it to be filed. Section 2-3106, *supra;* Rule 2-3 of this court, 1958 Revision; 2 F. W. & H., Ind. Tr. & App. Pract., §2286, p. 94.

Relator here has not shown that the respondent court, or the judge thereof, has failed to perform any duty enjoined by law.

His remedy is not by way of mandate and under the record no cause for the issuance of a writ of mandate has been shown.

Petition for writ of mandate denied.

Achor, C. J., Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 180 N. E. 2d 373.