STATE EX REL. CONTINENTAL MUSIC COMPANY, ETC. *v.* MARION CIRCUIT COURT, NIBLACK, JUDGE.

[No. 30,165. Filed February 27, 1962. Rehearing denied April 5, 1962.]

*David H. Kleiman,* and *Bagal & Talesnick,* both of Indianapolis, for relator.

*Sherwood Blue,* of Indianapolis, for respondents.

BOBBITT, J.—Relator seeks an order of this court prohibiting respondents from proceeding further in a suit for injunction in Cause No. C-61-616, now pending in respondent court wherein one James N. Winkel, as plaintiff, requests an order of respondent court restraining and enjoining defendants, Continental Music Company and Robert A. O'Neal, as sheriff of Marion County, Indiana, from enforcing the execution of a certain judgment rendered in the Superior Court of Marion County, Room No. 3 (hereinafter referred to as the "Superior Court"), in Cause No. C-39098, wherein Continental Music Company is plaintiff and James N. Winkel is defendant.

We issued a temporary writ.

Respondent has filed what he has titled a "Motion to Dismiss Petition for Writ of Prohibition" but which is, in fact, in the nature of a return, and we will so consider it. In this pleading respondents assert that jurisdiction of the case is shown by the copy of the record attached to the petition for the writ.

In view of the state of the record here, it seems appropriate to forego a consideration of technical defects and consider the petition for a writ on its merits.

The complaint for injunction alleges, *inter alia,* that on June 3, 1959, the defendant, relator herein, Continental Music Company, fraudulently and with intent to deceive the court caused to be entered a judgment against the plaintiff on a debt for $1,204.60 on a claim which was scheduled in plaintiff's petition

to be declared a bankrupt, and without disclosing to the court that bankruptcy procedings were pending, and that the action of Continental Music Company against the plaintiff, James N. Winkel, "was founded upon a claim from which a discharge in bankruptcy would have been a release."

That on June 11, 1959, the Superior Court entered an order restraining execution of the judgment above-mentioned until the question of the defendant's discharge in bankruptcy was determined.

Thereafter, on November 3, 1959, plaintiff, James N. Winkel, was discharged in bankruptcy from all "debts and claims proveable against his estate", and the Clerk of the United States District Court for the Southern District of Indiana caused a copy of the order of discharge to be sent to the defendant, Continental Music Company.

That on May 26, 1960, plaintiff, James N. Winkel, filed in the Superior Court a petition for permanent stay of execution of judgment alleging that he had been discharged from the plaintiff's judgment therein by his discharge in bankruptcy; and on May 26, 1960, an order was entered by such court permanently restraining the plaintiff from proceeding to execute or collect the judgment rendered on June 5, 1959.

On November 4, 1960, the Superior Court entered an order vacating the permanent stay of execution and fixed a time for hearing on defendant's petition for a permanent stay and on the plaintiff's petition to dissolve the temporary restraining order.

On February 23, 1961, the Superior Court vacated the order permanently staying the execution and judgment and dissolved the restraining order.

That by reason of his discharge in bankruptcy from all his regularly scheduled debts, of which the claim of Continental Music Company was one, the plaintiff was discharged from his obligation to this company, and that by reason of the discharge in bankruptcy execution on the judgment rendered in Cause No. C-39098 in the Superior Court is forever and permanently barred.

That the defendant, Continental Music Company, has commenced supplementary proceedings to execute its judgment in such Cause No. C-39098 in the Superior Court, and that the defendant, Robert A. O'Neal, as sheriff of Marion County, will levy execution upon a proper praecipe therefor unless restrained from doing so by the Marion Circuit Court, and that an emergency exists for the issuance of a temporary restraining order, without notice, against the defendant, Continental Music Company, and Robert A. O'Neal, as sheriff of Marion County, enjoining them from levying execution upon said judgment, and for the issuance of a permanent injunction upon final hearing.

To this complaint relator filed a demurrer and for grounds thereof alleged (1) that this court has no jurisdiction of the subject matter of this action; and (2) the complaint filed by the plaintiff does not state facts sufficient to state a cause of action.

The demurrer was overruled and the petition for writ herein followed.

By the filing of a demurrer relator waived jurisdiction of the person. *Slinkard* v. *Hunter* (1936), 209 Ind. 475, 480, 199 N. E. 560; *Singleton* v. *O'Blenis et al.* (1890), 125 Ind. 151, 152, 25 N. E. 154.

This is an action to restrain the enforcement of a judgment and must be distinguished from an action attempting to prevent a court of equal jurisdiction from reviewing a final judgment entered by the other court. Cf: *Purcell* v. *Davie, Judge* (1957), 237 Ind. 700, 701, 145 N. E. 2d 729.

Under certain circumstances a court of equity, on sufficient cause shown, may grant an injunction to restrain the enforcement of a judgment. See: 30A Am. Jur., Judgment, §§750, 751, 752, pp. 699-700; 49 C. J. S., Judgments, §346, pp. 701-702; 17 I. L. E., Judgment, §215, p. 322.

Whether the party seeking the injunction here can show sufficient cause is a matter to be determined by respondent, Marion Circuit Court, on a proper hearing, and if the court's finding thereon is against relator his remedy is by appeal from the judgment based on such finding. The remedy of mandate and prohibition may not be used as a substitute for appeal. *State ex rel. Wilson* v. *Lake Circuit Ct.* (1959), 239 Ind. 670, 673, 160 N. E. 2d 600; *State ex rel. Rans* v. *Fulton Circuit Court, et al.* (1960), 240 Ind. 288, 291, 164 N. E. 2d 111.

Respondent-court may have erred in overruling relator's demurrer, but it had the power to decide right or wrong, and whether or not its decision was erroneous can be raised on appeal, if respondent-court, at the hearing, issues an order restraining the enforcement of the judgment here involved.

In our judgment respondent-court had jurisdiction of the person, the general subject matter, and the particular case, and the relator has an adequate remedy at law.

Under these circumstances the temporary writ will be dissolved and a permanent writ denied.

Temporary writ dissolved and a permanent writ denied.

Arterburn, Jackson and Landis, JJ., concur.

Achor, C. J., dissents without opinion.

NOTE.—Reported in 180 N. E. 2d 240.