STATE EX REL. MOCK *v.* WARRICK CIRCUIT
COURT ET AL.

[No. 30, 245. Filed June 13, 1962.]

*Fred L. Mock*, Prosecuting Attorney, *pro se.*

*Francis E. Knowles*, *pro se.*

PER CURIAM.—Relator seeks a writ of mandate from this court commanding respondents to expunge from the records of respondent, Warrick Circuit Court, a certain entry made on February 24, 1962, in Cause No. 5618, entitled, *"State of Indiana v. Emmett O. Hashfield"*, wherein a change of venue was granted from Warrick County to Monroe County on motion of the defendant, Hashfield, who is under indictment in the Warrick Circuit Court for murder in the first degree.

It is agreed by the parties hereto that respondent, Francis E. Knowles, as Special Judge in such court, granted the change of venue under alleged authority of Acts 1905, ch. 169, §207, p. 584, being §9-1305, Burns' 1956 Replacement, which is, in pertinent part, as follows:

"When affidavits for a change of venue are founded upon excitement or prejudice in the county against the defendant, the court, in all cases not punishable by death, may, in its discretion, and in all cases punishable by death, shall grant a change of venue to the most convenient county."

The power of this court to issue the mandate requested herein is limited by statute as follows:

"Such writs of mandate may issue out of the Supreme Court to the circuit, . . . courts of this state, . . . compelling the performance of any duty enjoined by law upon such circuit, . . . courts, . . . ." Acts 1955, ch. 253, §1, p. 647, being §3-2201, Burns' 1961 Cum. Supp.

No question is raised concerning the jurisdiction of the subject matter, the person or the particular case here involved.

Relator asserts that respondents have exceeded their authority in deciding that Monroe County is the "most convenient county" to Warrick County, and contends that the "most convenient county" means "a neighboring" or "an adjoining" county.

We agree with relator that §9-1305, *supra*, provides a method of procedure for a change of venue from the county in a criminal case and it must be strictly followed by the courts; *Nealis, Administrator, et al.* v. *Dicks et al.* (1880), 72 Ind. 374, 377; *State ex rel. Fox, etc.* v. *LaPorte Cir. Ct. et al.* (1956), 236 Ind. 69, 79, 138 N. E. 2d 875; and that the court must, upon proper application, grant a change where the punishment may be death; *Hunnel* v. *State* (1882), 86 Ind. 431, 434.

However, we do not concur in relator's theory that the trial court has no power or discretion to deter-

mine which is the most "convenient county", but has a mandatory duty to grant the change to a "neighboring" or "adjoining" county.

In our judgment the question of which is the "most convenient county" to which the trial may be venued, is one of fact to be determined by the trial court.

This court has only the power to confine respondents to their lawful jurisdiction, or to compel the performance of any duty enjoined by law. The "duty enjoined by law" upon respondents here, was to grant a change of venue to the most convenient county. It was the court's mandatory duty to grant the change of venue and in our judgment it had jurisdiction to decide which was the most convenient county. If it abused its discretion in the exercise of this jurisdiction, relator's relief is by appeal and not by petition for mandate in this court. *State ex rel. Sims* v. *Hendricks C. C. et al.* (1956), 235 Ind. 444, 445, 134 N. E. 2d 211.

Petitions for mandate cannot be used as a substitute for an appeal. *State ex rel.* v. *Brennan, Judge* (1952), 231 Ind. 492, 499, 109 N. E. 2d 409; *State ex rel. Wilson* v. *Lake Circuit Court* (1959), 239 Ind. 670, 673, 160 N. E. 2d 600; *State ex rel. Raney, etc.* v. *Gibson Circuit Court etc.* (1961), 241 Ind. 497, 173 N. E. 2d 660, 662; *State ex rel. Continental Music Co.* v. *Marion Circuit Ct.* (1962), 242 Ind. 673, 180 N. E. 2d 240, 242.

Relator has furnished us with an excellent brief, which might have been very helpful on appeal, but we must limit our consideration here to the question: Did respondent court have the jurisdiction and power to decide that Monroe County was the "most convenient county?" In our opinion it did.

Relator has relied heavily upon *State ex rel. Fox etc.* v. *LaPorte Cir. Ct. et al., supra* (1956), 236 Ind. 69, 138 N. E. 2d 875. That case is distinguished from the present case in that there the respondent court granted a second change of venue contrary to a specific provision of the statute[1] limiting a defendant to only one change. The trial court had no discretion in that case and there was no question of fact to be determined as is the situation in the case presently at bar.

While some of the language in the opinion in the Fox case may lend comfort to relator on the question of abuse of discretion, it lends no support in determining whether the respondent court here acted within its jurisdiction, or has failed to perform some duty enjoined by law.

We declined to issue a temporary writ, and for the reasons above stated the petition for permanent writ must be denied.

Petition for permanent writ of mandate denied.

NOTE.—Reported in 183 N. E. 2d 202.

---

1. Acts 1905, ch. 169, §207, p. 584, being §9-1305, Burns' 1956 Replacement.