STATE EX REL. HUEBNER *v.* PORTER CIRCUIT
COURT ET AL.

[No. 30,301. Filed September 28, 1962.]

*Geoege B. Hoffman, Jr.,* of Hammond, *Ralph Hamill* and *Hollowell, Hamill & Price,* of counsel, of Indianapolis, for relator.

*James C. Chester,* of Valaparaiso, *Owen W. Crumpacker, Cordell C. Pinkerton, Harold Abrahamson,* all of Hammond, and *James K. Northam,* of Indianapolis, for respondents.

BOBBITT, J.—Relator seeks a writ of prohibition commanding respondents, and each of them, to refrain from exercising further jurisdiction in a contempt proceeding wherein, after rule to show cause and hearing by the court, relator herein was found guilty of having committed civil contempt.

We issued a temporary writ.

. The jurisdiction of this court to issue writs of prohibition and mandate is limited by the Constitution and by statute; *State ex rel. Armstrong* v. *Juvenile Court of Marion County* (1962), 242 Ind. 532, 180 N. E. 2d 373, 374; and we may issue writs of prohibition to confine such inferior courts as are specifically designated by statute, to their respective, lawful jurisdictions; Acts 1955, ch. 253, §1; p. 647, being §3-2201, Burns' 1961 Cum. Supp.; and such writs will not issue unless a court is acting without the bounds of its jurisdiction. *State*

*ex rel. Raney, etc.* v. *Gibson Cir. Ct., etc.* (1961), 241
Ind. 497, 499, 173 N. E. 2d 660.

Relator here asserts that respondents were without jurisdiction to assess the punishment imposed.

For reasons which will presently appear, it is not necessary for us to discuss the merits of such assertion.

It clearly appears from the record here that relator appeared generally to the rule to show cause; that he filed answer on the merits to the amended petition for contempt citation; that he presented evidence in support of his defense at the hearing;[1] that he tendered special findings; and that he argued his defense on the merits, both orally and by trial brief, and was present in person and by counsel when respondents' special findings and judgment were entered.

Following the pronouncement of judgment relator filed a motion for stay of proceedings pending motion for a new trial. The motion for stay was overruled, and relator then filed his petition for writ of prohibition in this court where the question of jurisdiction is raised for the first time.

Respondent-court has inherent power to punish for contempt in proper cases. It had jurisdiction of the person of relator and of the particular case, therefore, it had jurisdiction to hear and determine the issues raised by the petition for contempt and relator's answer thereto. The judgment finding relator guilty and assessing his punishment is, therefore, not void for want of jurisdiction.

If relator believes such judgment to be erroneous his remedy is by appeal and he may not employ a

---

1. The hearing continued for six days.

writ of prohibition as a substitute therefor. *State ex rel. Raney, etc.* v. *Gibson Cir. Ct. etc., supra* (1961), 241 Ind. 497, 500, 173 N. E. 2d 660; *State ex rel. Wilson* v. *Lake Circuit Court* (1959), 239 Ind. 670, 673, 160 N. E. 2d 600; *State ex rel. Lacy* v. *Probate Court, Marion County* (1962), 243 Ind. 30, 182 N. E. 2d 416, 422; *State ex rel. Continental Music Company, etc.* v. *Marion Circuit Court* (1962), 242 Ind. 673, 180 N. E. 2d 240, 242.

The temporary writ heretofore issued is dissolved and a permanent writ denied.

Arterburn, C. J., Jackson and Landis, JJ., concur.

Achor, J., concurs with opinion.

### CONCURRING OPINION.

ACHOR, J.—Relator has asked this court to issue a writ of prohibition on the ground that the respondent was without jurisdiction to issue and to enter the judgment of contempt executed by him in the consolidated causes numbered 13754 and 13755 in the Porter Circuit Court.

The petition is fatally defective in that the relator has not first attacked the want or excess of jurisdiction of the trial court by a written motion, brought to the attention of the judge, which has been denied or not promptly acted upon as provided by Rule 2-35 of this court.

NOTE.—Reported in 185. N. E. 2d 299.