STATE EX REL. HUEBNER *v*. BURNS, JUDGE.

[ No. 30,323. Order filed November 23, 1962. Rehearing denied December 4, 1962.]

*George B. Hoffman, Jr.,* of Hammond, and *Hollowell, Hamill & Price,* of counsel, of Indianapolis, for petitioner.

*James W. Chester,* of Valparaiso, *Owen W. Crumpacker, James J. Richards, Cordell C. Pinkerton, Harold Abrahamson,* all of Hammond, and *James K. Northam,* of Indianapolis, for respondent.

### ON PETITION FOR REHEARING.

ACHOR, J.—This court heretofore denied a petition for an alternative writ of mandate in this case. A petition for rehearing has been filed.

Because of the importance of the matters in controversy, an opinion is written in support of our decision herein.

Petitioner was tried and found guilty of civil contempt of court "in the consolidated cases of J. E. Darlington v. City of Hammond, Indiana, a municipal corporation, et al., and State of Indiana, ex rel. J. E. Darlington, and City of Hammond, Indiana v. Paul B. Huebner, the same being Cause No. 13754 and Cause No. 13755 in the Porter Circuit Court."

Thereafter, at petitioner's request, this court in a prior original action [*State ex rel. Huebner* v. *Porter Circuit Court* (1962), 243 Ind. 321, 185 N. E. 2d 299] issued an order in which the respondent court was "commanded and directed to refrain, until further order of this court, from proceeding further or exercising jurisdiction in connection with the contempt proceedings . . ."

Thereafter a motion for new trial was tendered to the respondent court which refused to accept and rule upon the same because of the temporary writ of prohibition previously issued by this court against the respondent.

Thereafter the petitioner tendered a bond to stay judgment pending motion for new trial and appeal, which bond the court rejected as not being sufficient.

The petition for writ of mandate and prohibition herein asked for relief in two particulars: First, that this court command the trial court "to accept and make a docket entry . . . of the filing of petitioner's motion for new trial, [and] to rule on the same," and, second, that the respondent be commanded to accept and approve the appeal bond tendered by the petitioner (setting forth a copy thereof).

With respect to the *first* issue above presented, we are confronted by the fact that at petitioner's own

request this court had previously issued a writ of prohibition by which the respondent was "commanded and directed to refrain . . . *from proceeding further or exercising jurisdiction* in connection with the contempt proceedings" herein. In view of this broad and comprehensive order, procured by petitioner, which prohibited the trial court from either "proceeding further" or "exercising jurisdiction" in the cause, the respondent court had reason to believe that he had no authority to "accept" petitioner's motion for new trial. If petitioner wished to proceed further in the matter by filing a motion for new trial, he owed a duty to the trial court not to place him under so complete a prohibition as to place him under a cloud of contempt of this court if he accepted such a pleading and made a record of the filing thereof or, in alternative, having caused the writ of prohibition to be cast upon the trial court, he should have thereafter asked that it be modified so as to clearly permit the trial court to make the requested entry in the proceedings. Petitioner cannot now with propriety ask this court to command the trial court to do that which the latter had cause to believe he may have been prohibited from doing by prior order of this court, issued at petitioner's instance and request.

Secondly, petitioner asked this court to command the respondent to accept and approve an appeal bond tendered to the trial court in stay of the contempt proceedings. In this petition, petitioner represented that the bond, which accompanied his petition, was a valid and subsisting bond executed by the Indiana Bonding and Surety Company.

However, it has been established that four days prior to the filing of his petition in this court, peti-

tioner's office had been notified that said bond had been cancelled. Nevertheless, he appeared in this court by verified petition and asked this court to mandate the trial court to accept and approve the non-existent bond.

We are convinced that petitioner did not inform his counsel of the cancellation of the above described bond and that said attorneys acted in good faith when they submitted their client's petition to this court. However, we cannot condone this apparent lack of good faith on the part of petitioner.

Although an action in mandate in this court is a legal remedy, it is an extraordinary remedy and, therefore, such process will issue only in the presence of a clear legal duty and it will be governed by equitable principles. *State ex rel. American Fletcher etc.* v. *Lake S. Ct.* (1961), 242 Ind. 118, 175 N. E. 2d 3. Therefore, a petitioner who seeks this extraordinary relief must come before this court under an honest representation of fact and with clean hands. Fraud or the nondisclosure of a fact material to the relief sought in such a petition reflects upon the entire proceedings and will vitiate the petition as to all of the relief sought therein.

For the reasons above stated, the petition for rehearing is denied.

Jackson, C. J., Arterburn and Landis, JJ., concur.

Bobbitt, J., not participating.

NOTE.—Reported in 186 N. E. 2d 424.