STATE EX REL. GENERAL GRAIN, INC., v. GOODRICH, ETC.

[No. 19,933. Memorandum Opinion filed February 15, 1965. Opinion on the Merits filed December 7, 1966. Rehearing denied January 3, 1967. Transfer denied with Opinion June 6, 1967. Rehearing on denial of Petition to Transfer denied September 12, 1967]

MEMORANDUM OF OPINION AND DISSENT

MOTE, J.—This Court has before it for consideration a Petition for Alternative Writ of Mandate and Writ of Prohibition and Responses, in which appellant seeks an alternative writ of mandate and writ of prohibition against Hon. Charles Thompson, the regular judge of the Boone Circuit Court, and the Hon. Richard Groover, special judge in the above case, which now is on appeal to this Court on the merits of a judgment rendered in said Boone Circuit Court against appellant

and in favor of appellees, in the sum of $585,180.19, entered by Special Judge, the Hon. Richard Groover, following the verdict of a jury in the cause at which said Judge Groover presided.

In order to present briefly the factual situation existing and pertaining only to the question now before the Court for consideration, a brief outline of the proceeding appears to be essential.

Appellant, General Grain, Inc., effected a merger of Acme-Goodrich, Inc., the Cleveland Grain Co., Inc., and Associated Terminal Elevators of Indiana, Inc., in which 104 preferred shareholders of Acme-Goodrich, Inc., dissented, and they each brought actions against General Grain, Inc., and Acme-Goodrich, Inc., for money judgments for the value in money of their stock. These actions were brought pursuant to the provisions of Section 37 of the General Incorporation Act, Ch. 215, Acts 1929, particularly § 25-236, Burns' 1958 Repl. These actions were consolidated and finally were venued to the Boone Circuit Court for trial and disposition. Judge Groover was selected to preside at the trial.

In the proceedings the plaintiffs called upon the provisions of Eminent Domain Act, Section 7 Eminent Domain Act, particularly § 3-1701, et seq, Burns' Ind. Stat. Anno., for the procedure in establishing the value of their preferred stock, and in pursuance thereof the court appointed appraisers who reported the entire value of the preferred stock of plaintiffs (appellees herein) amounted to the sum of $331,230.88. To this report appellant and appellees both filed their exceptions and the case proceeded to trial before a jury, who brought in a verdict in the sum mentioned above, to-wit: $585,180.19, on which the special judge entered judgment, from which said judgment there is an appeal now pending in this Court, fully briefed and ready for oral argument.

After the report of appraisers, to which appellees as well as appellant took exception, on the petition of appellees,

appellant was ordered to pay to the Clerk of the Boone Circuit Court the amount reported by the appraisers to be the value of the preferred stock of the appellees, to-wit: $331,230.88. On the 18th of July, 1962, immediately prior to the entry of judgment on the jury verdict, the Special Judge granted said petition of the appellees and ordered appellant to pay to the Clerk of the Boone Circuit Court the said sum of $331,230.88, as reported by the appraisers to be the value of the preferred stock owned by the said appellees.

On March 10, 1964, appellant, as relator, filed an action to review the order of deposit theretofore made by the Special Judge and appellant therein contended that the regular judge of the Boone Circuit Court, the Hon. Charles Thompson, had the power and authority to review the order made by Special Judge Groover. Appellees herein filed a demurrer to the complaint, which said demurrer was sustained, and upon its refusal and failure to plead over the regular judge entered a judgment against the plaintiff (appellant herein), General Grain, Inc., from which judgment there was no appeal. However, appellees filed an original action in the Supreme Court of Indiana, seeking an alternative writ of mandate and writ of prohibition. The opinion of the Supreme Court is reported in 245 Ind. Rep. 34, 196 N. E. 2d 77.

On March 16, 1964, appellees filed before the regular judge of the Boone Circuit Court, the Hon. Charles Thompson, a motion against appellant for civil contempt to compel compliance with the court's order of July 18, 1962, requiring appellant to pay in the appraised value of said shares in the sum of $331,230.88, which said order had been entered on July 18, 1962, prior to but on the date of the judgment in the main action, in the sum of $585,180.19, enforcement of which, pending appeal, had been suspended by Special Judge Groover on the filing and approval of an appeal bond in the sum of $665,000.00, as above stated. Prior thereto and on July 23, 1962, on petition of appellant to the Supreme Court

of Indiana, a temporary writ of prohibition was issued by said court prohibiting the Boone Circuit Court from proceeding further with respect to the aforesaid order of July 18, 1962. On February 11, 1964, the Supreme Court of Indiana dissolved the aforesaid temporary writ of prohibition and denied the permanent writ. The Supreme Court held that while there might have been error committed in ordering appellant to pay the amount of the appraisal, to-wit: $331,-230.88, to the clerk of the court, the remedy, if any, was by way of appeal and not by way of writ of prohibition or mandate. Judge Thompson, on the motion for civil contempt filed by the appellees herein, sustained the appellees and, in effect, ordered appellant to pay the said sum of $331,230.88 to the clerk of the court within 30 days, else he would appoint a receiver for appellant.

I take the position that the Hon. Judge Thompson exceeded his authority in sustaining the motion for civil contempt and again ordering appellant to pay said sum of $331,230.88 in to the clerk of the court. In fact, he had no authority whatever so to do. While the Eminent Domain Act, as applies to the case at bar, possibly may have some bearing on the matter now before us, I seriously doubt it. Considered in the light of § 3-1707 to 3-1710 inclusive, Burns' 1946 Repl., my position, I think, is materially strengthened, since the order to pay in the amount of the appraisal was made on the same day, but prior to, the entry of judgment and the judgment, in my opinion, would supercede any valid or invalid orders made prior thereto. I[t] must be remembered that the appellees, too, filed exceptions to the appraiser report and I cannot believe that these appellees may object and except to the appraisement and take advantage of any provisions of the Eminent Domain Act in this regard at the same time.

Furthermore, the record conclusively shows that on March 16, 1964, when appellees filed their motion for civil contempt to compel the compliance with the court's order of July 18,

1962, the case was pending in this Court on appeal, with surety bond in the penal sum of $665,000.00 approved by the trial judge, Special Judge Groover, who suspended enforcement of the judgment.

I take the position that once the transcript and the assignment of errors is filed in this Court, on appeal, this Court alone has jurisdiction in and over all segments and parts of the litigation. This question was not even presented to the Supreme Court. I am in complete agreement with the decision and opinion of the Supreme Court but I am unable to agree with the effect of the same as the majority of this Court apply it.

Contrarywise, the trial court lost its jurisdiction at such time. If this Court has jurisdiction in the appeal, which I think it does, this Court and this Court alone must decide all features of the litigation, and I think this Court not only has the authority and power, but the duty, to assume exclusive jurisdiction of the case; and for these reasons appellant's petition for an alternative writ of mandate and writ of prohibition should be sustained.

Bierly, P. J., concurs in result.

Prime, J., concurs.

NOTE.—Reported in 204 N. E. 2d 527.