SMITHERS *v.* SMITHERS.

[No. 568A85. Filed August 28, 1969. No petition for rehearing filed.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*J. E. Holwager, Holwager & Harrell,* of Beech Grove, for appellee.

WHITE, J.—This is an appeal from a judgment granting appellee an absolute divorce from appellant. The only error

assigned is the overruling of appellant's motion for a new trial. The grounds of that motion are that the finding of the court is not sustained by sufficient evidence and that the finding is contrary to law. The memorandum appended thereto reads, in its entirety, as follows:

"The evidence introduced here at the trial on behalf of the plaintiff was not substantiated by any other evidence or other witnesses and fails to meet the statutory definition necessary to obtain a divorce on the grounds alleged, namely, cruel and inhuman treatment."

Were we to hold that memorandum to be a sufficient compliance with the requirements of Supreme Court of Indiana Rule No. 1-14B,[1] we would then be required to look to the evidence to ascertain whether the trial court committed error in overruling the appellant's motion for a new trial. That we cannot do, however, for the reason that the evidence is not a part of the record.

Appellant makes the unique argument that the absence from the transcript of a bill of exceptions containing the evidence "conclusively shows that the Court had no evidence before it upon which to sustain the judgment herein." The assertion that "the Court had no evidence before it" is not only contradicted by appellant's memorandum, above quoted, but also by the Order Book Entry for September 17, 1965, quoted in Appellant's Brief. That entry reads:

"Plaintiff in person by counsel, Defendant by counsel. Submitted evidence heard in part. Taken under advisement."

Appellant makes no attempt to explain why there is no bill of exceptions in the transcript. She does say "that she had (sic) done everything required of her by the Statutes of

---

[1] "Whenever a new trial is requested on the ground or grounds 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law,' the moving party shall file a memorandum stating specifically under such itemized cause wherein such evidence is insufficient or the verdict or decision is contrary to law. The party filing such motion shall be deemed to have waived any ground not specified in the memorandum."

Indiana and the Rules of the Supreme Court of Indiana to take an appeal from the judgment entered against her on November 16, 1967." What, if anything she did as an attempt to obtain and file a bill of exceptions showing what evidence was heard, or whether any evidence was heard, she does not say. It was her duty to cause the bill to be prepared, presented to and signed by the trial judge, and filed as a part of the record. *Gilkison, et al.* v. *Darlington, et al.,* 123 Ind. App. 637, 85 N. E. 2d 651 (1949) ; *State ex rel. Armstrong* v. *Juvenile Court etc.,* 242 Ind. 532, 180 N. E. 2d 373 (1962). Her failure to discharge that duty robs us of the means with which to determine whether the trial court committed error in overruling her motion for new trial.

Appellee's petition for oral argument is denied and his motion to dismiss is overruled.

The judgment of the trial court is affirmed. Costs are taxed against the appellant.

Pfaff, C.J., Hoffman and Sharp, JJ., concur.

NOTE.—Reported in 250 N. E. 2d 377.